## E. R. Morgan v. John L. Bean.

1. PROMISSORY NOTES—*Defenses, When Assigned After Maturity.*— A promissory note indorsed after its maturity is subject to all the defenses in the hands of the indorsee which the maker could have made to it in the hands of the payee.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Rock Island County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

ADAIR PLEASANTS, attorney for appellant.

SWEENEY & WALKER, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Under date of July 10, 1893, at Rogers, Arkansas, J. L. Bean, jr., and L. O. Hollopeter signed and delivered a promissory note for $781.50, payable six months after date to the order of Harman & Mundell. The note recited it was given for the Harman patent dishwasher, patented April 11, 1893, for the State of Arkansas. On July 30, 1897, Harman & Mundell assigned this note to E. R. Morgan. On June 1, 1900, Morgan brought this suit against Bean upon this note, Bean having removed to this State. Plaintiff filed an appropriate declaration, a special count of which averred that it was stipulated in said note it was given for the Harman patent dishwasher, for the State of Arkansas. Defendant filed the general issue and a special plea. Afterward he withdrew the general issue. The special plea averred that at and prior to the execution of said note Harman & Mundell were the owners of letters patent for an invention known as the Harman Dishwasher, which was a valuable invention when, and only when, the machines to which it applied were constructed and could be procured for sale; that by their purchase from Harman & Mundell of said letters patent, defendant and Hollopeter only procured the right to use and sell said invention; that at that time

said machine was not constructed by any one and could not be procured for sale by defendant and Hollopeter; that at and prior to the time of the execution of said note Harman & Mundell held the sole right to manufacture said machines; that prior to and at the time of the execution of said note and as a part of the consideration thereof Harman & Mundell agreed with defendant and Hollopeter that if defendant would execute said note Harman & Mundell would manufacture said Harman Dishwashers, and furnish them to defendant and Hollopeter to sell, when they would procure orders for said machines, for which machines defendant and Hollopeter would pay $8 apiece; that without said agreement by Harman & Mundell the patent for Arkansas was wholly worthless; that defendant and Hollopeter entered upon the business of selling said machines, and procured a large number of orders therefor, to wit, fifty orders, and demanded of Harman & Mundell such machines with which to fill said orders, and offered to pay them $8 for each machine, but Harman & Mundell failed and refused to furnish said machines or any of them, to the great damage of defendant, whereby the consideration of said note wholly failed, etc. Plaintiff replied that Harman & Mundell did manufacture and construct for defendant at said time a large number of said dishwashing machines and tendered them to defendant, and were ready and willing to manufacture all the machines which defendant would pay for at the price agreed between them, but that defendant wholly failed and neglected to take or pay for any of said machines so manufactured. Upon the trial defendant was allowed to open and close the case. The jury returned a verdict for defendant. Plaintiff interposed a motion for a new trial, which was denied. Defendant had judgment for costs and plaintiff appeals.

The question raised by these pleadings was whether Harman & Mundell did manufacture machines to fill orders taken by Bean and Hollopeter, and were ready to deliver the same upon receiving payment therefor, or whether they failed to manufacture the machines, and so Bean and Hol-

lopeter were unable to fill their orders and thereby the right to use and sell said invention in the State of Arkansas, for which they gave this note, had ceased to be of any value, and the consideration of the note had thus failed by the failure of Harman & Mundell to keep their collateral agreement to supply the manufactured machines to Bean and Hollopeter as agreed. Upon this issue defendant had the burden of proof. The proof on this subject was contradictory—that put in by defendant tending to show that Harman & Mundell failed to manufacture machines and refused to do so until they had sold more territory; that defendant and Hollopeter took about fourteen orders, and could not get any machines to fill them; while the proof offered by plaintiff tended to show that Harman & Mundell manufactured about three dozen machines for Bean and Hollopeter, and even consulted Bean and Hollopeter as to the color they wished them, and painted the machines as the latter requested, but that Bean and Hollopeter failed to call for them; that Bean and Hollopeter took three machines and failed to pay for them, and never advised Harman & Mundell that they had sold any machines or taken any orders, except one; and that Harman & Mundell kept the machines on hand ready for Bean and Hollopeter for years. It was for the jury to decide which side had the greater weight of proof upon this issue, and the record would not warrant our disturbing their conclusions upon the facts.

Morgan was a lawyer and justice of the peace at Rogers, Arkansas. In addition to the proof already recited defendant proved the following facts: Some years before Morgan acquired this note he was at Hollopeter's home to draw a chattel mortgage or take an acknowledgment. While he was there Mrs. Hollopeter and her relative, Mrs. Bean, told Morgan the facts as they claimed them to be about this note, for what it was given, and that the payees had agreed to manufacture and sell to the makers of the note dishwashing machines to supply the orders which the makers of the note should secure under the patent right assigned to them,

and that the payees had failed to keep this agreement and had failed to manufacture machines, etc.  Morgan thereupon told these women that the note was no good and could not be collected.  Plaintiff objected to the introduction of this proof, the objection was overruled and plaintiff excepted.  It is urged that this was reversible error.  This note was indorsed to Morgan after maturity.  The indorsement is dated, and that fact is not disputed.  Morgan was, therefore, subject to the defenses which the makers had against Harman & Mundell.  (R. S. Chap. 98, Negotiable Instruments, Sec. 9; 2 Randolph on Commercial Paper, Sec. 674.)  Notwithstanding he was thus charged with constructive notice of the facts (if they were such), which amounted to a failure of consideration, yet we are of opinion defendant was not precluded from also proving that Morgan had actual notice of such facts before he bought the note.  At any rate we can not say it was an error to admit proof that Morgan was actually informed of that of which the law charged him with constructive notice.  We would be better satisfied if the court had not permitted proof of the opinion Morgan then expressed.  But the opinion he gave was correct.  If the facts were as the women told him, then the consideration had failed and the note was not collectible.  Defendant produced testimony tending to show that the facts were as then stated to Morgan, and the court properly instructed the jury that if such were the facts defendant could not be held liable on the note.  We are, therefore, unable to see how plaintiff was prejudiced by proof that he had correctly stated to these women the law applicable to the state of facts they narrated to him.

It is said the proof does not in any event make a case of total failure of consideration, because Bean and Hollopeter may yet sell to others the right to sell and use these machines in all or a part of Arkansas.  It is, however, evident from the proof that unless machines were manufactured and for sale where the holders of this patent could obtain them, the mere right to sell machines which were not manufactured and could not be obtained would be of no value

to any one.    As before stated, Bean and Hollopeter did not acquire the right to manufacture these machines.    Harman & Mundell held that exclusive right.    If the jury concluded that the preponderance of the proof was that Harman & Mundell did not manufacture the machines, then they were justified in concluding the consideration had wholly failed. Moreover, this note is not all Bean and Hollopeter gave Harman & Mundell for the assignment of this patent for the State of Arkansas.    The former also conveyed a house and lot in Rogers to the latter and a set of harness as a part of the same transaction.    The judgment is therefore affirmed.